IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Doris Allen | ) | Case No. 12-42707 |
| | ) | Judge: Schmetterer |
| DEBTOR(S) | ) | CHAPTER 13 |
| | ) | |

| | | |
|---|---|---|
| | ) | Adversary No. 13-00307 |
| Doris Allen | ) | Judge: Schmetterer |
| | ) | |
| Plaintiff(s) | ) | |

Vs.
U.S. Small Business Administration
Attorney General

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following entry of default judgment, the following facts and conclusions of law will be made and entered:

**Findings of Fact:**

1. The Debtor, Doris Allen, filed Chapter 13 Bankruptcy on October 28, 2012. The Debtor owns her home at 3810 Marshall Court, Bellwood IL 60104. This property is the Plaintiff's primary residence. The Debtor scheduled the value of her residence at $73,615. The home is subject to a first mortgage with HSBC and also a junior mortgage also with HSBC for $23,609 and a third mortgage with U.S. Small Business Administration for $21,735.28. This Honorable Court has entered a Default Judgment stripping the second mortgage of HSBC on August 1, 2013 against HSBC for the junior mortgage that was for $23,609.

2. The amount of the first mortgage with HSBC is $77,000 and the amount of the junior mortgage with HSBC is $23,609 and the amount of the third mortgage with U.S. Small Business Administration is $21,735.28.

3. On October 28, 2012 a Chapter 13 plan was filed providing for payment by the Debtor to the Trustee for 60 months with unsecured creditors receiving 17% of their timely filed claims paying $240 per month for 60 months.

4. The secured claim of HSBC in the position of the first mortgage, in an amount of at least $77,000, exhausts the equity in the Debtor's residence, and there is no equity to support the claim of the third mortgage that is held by U.S. Small Business Administration.

5. The amount owed on the first mortgage, approximately $77,000, exceeds the value of the above real estate, $73,615.

6. This Adversary proceeding arises under sections 502 and 506 of the Bankruptcy Code.

7. This Court has Jurisdiction under 28 U.S.C. 1334.

**Conclusions of Law:**

1. The claim of HSBC, in the position of the first mortgage, in an amount of at least $77,000 is secured by a first priority lien in the Debtors' residence.

2. The junior mortgage that U.S. Small Business Administration holds in the amount of $21,735.28 is third in priority, junior to the priority lien that HSBC holds since they are holding a first priority lien.

3. Under 11 U.S.C. § 506(a) Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the of the estate's interest in the property securing the claim and Defendant's lien is void to the extent it is not allowed a secured claim.

4. Due to the junior mortgage lien, which is held by the Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be voided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Circuit); In re Holloway, 2001 1249053 (N.D.ILL 2001); In re Waters, 276 B.R. 879 (Bankr. N.D. Ill 2002) In Re McDonald, 205 F.3d 606 (3rd Cir 2000); In re Bartee, 212 F. 3d 277, (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir 2002); In re Zimmer, 313 F.3d 1220 (9th Cir 2002) In Re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 122 (2d Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant U.S. Small Business Administration stripping the Defendant's third mortgage on the Plaintiff's real estate located at 3810 Marshall Court, Bellwood IL 60104.

11/12/13

John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Road. #C
Schaumburg, IL 60173

ENTER:

Jack B. Schmetterer

NOV 1 2 2013